# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**December 15, 2021 17:34**

By: CHRISTOPHER M. SAMS 0093713

Confirmation Nbr. 2428473

ALEXIS WELCH

vs.

HILLTOP SENIOR LIVING LLC, ET AL.

CV 21 957189

**Judge:** JOHN D. SUTULA

**Pages Filed:** 14

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ALEXIS WELCH<br>2821 Hubbard Road<br>Madison, OH 44057<br><br>      Plaintiff,<br><br>    v.<br><br>HILLTOP SENIOR LIVING LLC<br>25900 Euclid Ave.<br>Euclid, OH 44132<br><br>and<br><br>HS ENTERPRISES AT HILLTOP<br>SENIOR LIVING LLC<br>25900 Euclid Ave.<br>Euclid, OH 44132<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR PREGNANCY DISCRIMINATION, DISABILITY DISCRIMINATION, RETALIATION, FMLA INTERFERENCE, FMLA RETALIATION, UNPAID OVERTIME WAGES, UNPAID MINIMUM WAGES, BREACH OF CONTRACT, PROMISSORY ESTOPPEL, AND NEGLIGENT SUPERVISION, RETENTION, AND TRAINING**<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

Plaintiff Alexis Welch ("Welch") alleges as follows for her Complaint against Defendants Hilltop Senior Living LLC and HS Enterprises at Hilltop Senior Living LLC (collectively, "Defendants"):

    1.    Welch worked as a Business Office Manager for Defendants from 2018 to about May 25, 2020.

    2.    Welch has suffered more than $25,000 in damages.

    3.    Defendants' revenues exceed $500,000 per year.

    4.    Defendants are corporations that do business in Cuyahoga County, Ohio.

    5.    Defendants are enterprises engaging in interstate commerce.

    6.    Defendants have more than 50 employees within a 75-mile radius of where Welch worked.

7. Welch worked for at least 1,250 hours in the 12-month period immediately preceding her leave from Defendants.

8. Shalawn Williams ("Williams") was Welch's supervisor during part of her employment with Defendants.

9. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint.

10. This Court has personal jurisdiction over the parties to this action.

11. Venue is proper in Cuyahoga County, Ohio because Defendants conducted activity that gives rise to the claim for relief in Cuyahoga County, Ohio and because Welch's claim for relief arose at least in part in Cuyahoga County, Ohio.

12. Welch has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if she is successful on one or more of the claims set forth herein.

13. Plaintiff timely filed Charges of Discrimination against Defendants with the Ohio Civil Rights Commission.

14. Plaintiff has received right to sue letters for these Charges from the Ohio Civil Rights Commission.

**Welch's Pregnancy, Disability, and Requested Leaves of Absence**

15. At the end of 2019, Welch became pregnant.

16. On or about April 7, 2020, Welch attempted to begin her maternity leave.

17. Welch's maternity leave was originally scheduled to end after she delivered her baby, which was expected at the end of May 2020.

18. Only 8 days after Welch's leave started, however, on or about April 15, 2020, Defendants contacted Welch and insisted that she return to work immediately from her leave, because her temporary replacement had resigned.

19. Welch explained to Defendants that she could not return to work because her doctor had put her on leave, and because it could be dangerous for her and her baby during the final stages of her pregnancy.

20. Despite Welch telling Defendants that she could not immediately return to work, Defendants maintained that she needed immediately to return to work.

21. Welch returned to work for Defendants around April 15, 2020, despite being on a leave of absence.

22. From April 15, 2020 to April 23, 2020, Defendants obligated Welch to work over 80 hours for them.

23. On April 23, 2020, while working for Defendants, Welch experienced severe and excruciating pain.

24. The following day, on April 24, 2020, Welch went to her OBGYN because of this pain.

25. During her doctor's visit on April 24, 2020, Welch learned that her baby had died in utero. Welch delivered her baby this same day via cesarean section.

26. On April 25, 2020, Welch returned to her home without her baby.

27. On April 26, 2020, Welch informed Defendants that her baby had died, and that she would now need an additional 8 to 12 weeks of leave from that date to recover from the intensive surgery and from the emotional distress caused by the loss of her child.

28. In response to Welch requesting 8 to 12 weeks of leave to recover from her disabilities, Williams asked Welch "will you be at the Zoom meeting tomorrow?" Welch responded that she was in too much pain, and she also told Williams that "Elizabeth's funeral is Tuesday. I won't be doing any work at this time."

29. From April 26, 2020 to April 30, 2020, Defendants continued to regularly contact Welch and request that she perform work, despite her disabilities, requests for accommodation, doctor's notes, and loss of her child.

30. Alcenia Nunn, Shalawn Williams' assistant, contacted Welch again on May 7, 2020 demanding help with additional work-related issues. Nunn also told Welch that Williams had insisted that Nunn ask Welch for this help.

31. By mid-May 2020, Welch had not received her vacation or sick pay, so she attempted to contact Williams on May 15, 2020 for an explanation, but Williams refused to respond to this request for an explanation.

32. On May 24 and May 25, 2020, Williams and Nunn continued to call Welch and insist that she help with work-related issues. Welch continuously requested that they please stop asking her for help with work and give her privacy while she recovered from her disability and the death of her child.

### Defendants' Termination of Welch's Employment

33. On May 25, 2020, Williams told Welch that Shapiro had only approved two weeks of leave for Welch.

34. On or about May 25, 2020, Welch learned from a coworker that Williams had advised Defendants' employees that Welch's employment had been terminated.

35. On or about May 25, 2020, Welch discovered that she had been locked out of her work email account for Defendants (alexis@hilltopvillage.com).

36. On or about May 25, 2020, Welch discovered that her access to all bank accounts related to Defendants had been blocked.

37. On or about May 25, 2020, Welch learned from Nunn that the locks on her office had been changed at the direction of Williams.

38. Welch never received any discipline, including verbal or written warnings, during her employment with Defendants.

### Defendants' Failure to Provide Welch Short Term Disability Benefits

39. During her employment with Defendants, Welch had completed paperwork to enroll in Hilltop and HS's short term disability insurance plan through New York Life.

40. During her employment, Defendants had informed Welch that she was eligible to receive short term disability benefits through the short term disability insurance plan provided by New York Life.

41. On or about April 26, 2020, Welch requested paperwork to receive short term disability benefits through New York Life, the provider of Welch's short term disability insurance, which was a fringe benefit that Defendants had promised to provide to Welch.

42. Defendants refused to sign Welch's short term disability request paperwork that had been requested by New York Life.

43. On about May 24 or May 25, 2020, Welch again requested (through Hillel Shapiro) that Williams complete the short term disability paperwork. In response, and despite her requested accommodations for a leave of absence, Shapiro told Welch "I will definitely make sure that

Shalawn Williams signs your paperwork but first I need you to call her and answer questions about all of our finances.  You left us with no information and Shalawn has to have your help . . . ."

44. Nearly two months after she first requested it, on about June 17, 2020, Williams signed the short term disability paperwork for New York Life.

45. In about February 2021, however, New York Life contacted Welch and demanded that she repay the benefits that she had received the year prior, because Hilltop and HS failed to pay the insurance policy premiums.

46. New York Life informed Welch that it would allow Defendants to repay the premiums for the insurance policy, and that New York Life would reinstate the policy for Welch and backdate her benefits, but Hilltop and HS refused to repay the premiums.

**Unpaid Wages**

47. While working for Defendants, Welch was a non-exempt hourly employee.

48. Defendants paid Welch at an hourly rate of $18.50 per hour.

49. Welch worked more than forty hours per week for Defendants.

50. Throughout her employment with Defendants, Welch regularly worked through her thirty-minute unpaid lunch breaks.

51. Despite regularly working through her thirty-minute unpaid lunch breaks, Defendants did not pay any wages whatsoever for work performed during these "breaks."

52. After April 7, 2020, Defendants obligated Welch to perform work such as responding to emails and phone calls to answer questions.  Despite performing this work for Defendants, Defendants never paid Welch any wages whatsoever for this work.

53. Welch consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

## COUNT I
## PREGNANCY DISCRIMINATION

54. Welch re-alleges each allegation set forth in paragraphs 1-53 above.

55. Welch brings this action under Ohio Revised Code Sections 4112.01(B) and 4112.02.

56. Defendants discriminated against Welch by terminating her employment because of her pregnancy.

57. Welch was qualified for the position that she held with Defendants.

58. Welch suffered an adverse employment action by being terminated from her employment by Defendants.

59. Welch has been damaged by Defendants' conduct.

60. Defendants' conduct is the cause of Welch's damages.

61. Defendants acted with actual malice, entitling Welch to punitive damages and her attorney's fees and costs.

## COUNT II
## DISABILITY DISCRIMINATION

62. Welch re-alleges each allegation set forth in paragraphs 1-61 above.

63. In violation of Ohio Revised Code Sections 4112.02, Defendants discriminated against Welch because of her disability, because of her record of being disabled, or because of a perceived disability.

64. Welch was qualified for her job.

65. Welch could perform the essential functions of her job with a reasonable accommodation.

66. Welch informed Defendants of her disability.

67. Welch suffered an adverse employment action when Defendants terminated Welch's employment.

68. Welch has been damaged by Defendants' disability discrimination.

69. Defendants' conduct is the cause of Welch's damages.

70. Defendants acted with actual malice, entitling Welch to punitive damages and her attorney's fees and costs.

## COUNT III
## RETALIATION

71. Welch re-alleges each allegation set forth in paragraphs 1-70 above.

72. Welch brings this action under Ohio Revised Code Sections 4112.02(L).

73. Welch engaged in statutorily protected activity by opposing Defendants' pregnancy and disability discrimination practices.

74. Welch had a reasonable, good faith belief that Defendants were engaging in unlawful employment practices.

75. Welch suffered an adverse employment action by being terminated by Defendants.

76. The adverse employment actions that Welch suffered would be materially adverse to a reasonable employee and would persuade a reasonable worker not to make or support a charge of discrimination.

77. There is a causal link between Welch's protected opposition and her termination.

78. Welch has been damaged by Defendants' retaliation.

79. Defendants' conduct is the cause of Welch's damages.

80. Defendants acted with actual malice, entitling Welch to punitive damages for her retaliation claim.

81. Welch suffered and is entitled to emotional distress damages.

## COUNT IV
## FAMILY AND MEDICAL LEAVE ACE INTERFERENCE

82. Welch re-alleges each allegation set forth in paragraphs 1-81 above.

83. Welch was entitled to take leave pursuant to the Family and Medical Leave Act ("FMLA").

84. Welch told Defendants that she intended to take a leave related to her pregnancy and subsequent surgeries.

85. In violation of the FMLA, Defendants denied Welch the benefits of leave under the FMLA by forcing her to return to work during the leave, and then terminating her employment while she took such leave.

86. There is a causal connection between Welch's FMLA protected activity and Hilltop and HS's interference with her FMLA protected activity.

87. Welch has been damaged by Defendants' interference.

88. Defendants' conduct is the cause of Welch's damages.

89. Defendants acted willfully in violating the FMLA.

90. Welch is entitled to liquidated damages and her attorney's fees and costs.

## COUNT V
## FMLA RETALIATION

91. Welch re-alleges each allegation set forth in paragraphs 1-90 above.

92. In violation of the Family and Medical Leave Act, Defendants retaliated against Welch by terminating her employment because she sought leave under the FMLA.

93. Welch was engaged in FMLA protected activity by seeking leave under the FMLA.

94. Defendants knew that Welch was exercising FMLA rights by seeking leave related to her pregnancy and disabilities.

95. Welch suffered an adverse employment action by being terminated by Defendants.

96. There is a causal connection between Welch's FMLA protected activity and the termination of her employment.

97. Welch has been damaged by Defendants' retaliation.

98. Defendants' conduct is the cause of Welch's damages.

99. Defendants acted willfully in violating the FMLA.

100. Welch is entitled to liquidated damages and her attorney's fees and costs.

## COUNT VI
## UNPAID OVERTIME WAGES

101. Welch re-alleges each allegation set forth in paragraphs 1-100 above.

102. Defendants are required to comply with overtime requirements set forth in the Ohio Revised Code and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

103. Defendants have violated Ohio Revised Code Sections 4111.03 and 4111.10 and the Fair Labor Standards Act by not paying Welch time-and-a-half overtime wages for all hours worked over a regular forty-hour workweek.

104. Defendants' conduct with regard to not paying time-and-a-half overtime wages to Welch was willful.

105. Welch has been damaged by Defendants' non-payment of time-and-a-half overtime compensation pursuant to the Fair Labor Standards Act.

106. Welch is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

107. Defendants are liable for the costs and reasonable attorney's fees of Welch pursuant to Ohio Revised Code Section 4111.10 and the Fair Labor Standards Act.

## COUNT VII
## UNPAID MINIMUM WAGE

108. Welch re-alleges each allegation set forth in paragraphs 1-107 above.

109. Defendants are required to comply with the minimum wage requirements set forth in the Ohio Constitution, the Ohio Revised Code, and the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

110. Defendants have violated Section 34a, Article II of the Ohio Constitution, Ohio Revised Code Section 4111.14, and the Fair Labor Standards Act by not paying Welch at least minimum wages for all hours worked.

111. Welch has been damaged by Defendants' nonpayment of minimum wages.

112. In addition to being entitled to unpaid back wages, Welch is entitled to two times back wages as liquidated damages under the Ohio Revised Code or, in the alternative, liquidated damages under the Fair Labor Standards Act.

113. Defendants are liable for the costs and reasonable attorney's fees of Welch pursuant to the Fair Labor Standards Act and Section 34a or Article II of the Ohio Constitution.

## COUNT VIII
## BREACH OF CONTRACT

114. Welch re-alleges each allegation set forth in paragraphs 1-113 above.

115. Defendants promised Welch that they would pay insurance premiums to New York Life and to take any steps necessary to ensure that Welch could receive short term disability benefits, if she became temporarily disabled.

116. Welch has fully performed her obligations under the contract.

117. Defendants breached the contract by failing to pay insurance premiums to New York Life.

118. Welch has been damaged by Defendants' breach of contract.

119. Defendants' conduct is the proximate cause of Welch's damages.

## COUNT IX
## PROMISSORY ESTOPPEL

120. Welch re-alleges each allegation set forth in paragraphs 1-119 above.

121. Defendants promised to provide Welch with short term disability benefits through New York Life.  Defendants also promised to pay insurance premiums to New York Life so that Welch could receive short term disability benefits.

122. To her detriment, Welch acted in reliance of Defendants' promises listed in paragraph 120 of this Complaint by applying for and receiving compensation for short term disability through New York Life.

123. Welch has been damaged by Defendants' actions by being forced to repay all of the short term disability benefits that she had received in 2020, because of Defendants' failure to pay insurance premiums to New York Life.

## COUNT X
## NEGLIGENT SUPERVISION, RETENTION, AND TRAINING

124. Welch re-alleges each allegation set forth in paragraphs 1-123 above.

125. Williams aided and abetted Defendants in their pregnancy discrimination, disability discrimination, and retaliation against Welch.

126. Defendants had a duty to use ordinary care in retaining, supervising, and training Williams.

127. Defendants breached their duty to use ordinary care in retaining, supervising, and training Williams.

128. Welch has been damaged by Defendants' failure to use due care.

129. There was an employment relationship between Welch and Defendants.

130. Defendants knew or should have known that Williams was not competent for her position.

131. The acts or omissions of Williams caused Welch's injuries.

132. There is a causal link between the negligence of Defendants and Welch's injuries.

133. Welch's injuries were foreseeable.

134. Defendants' conduct is the proximate cause of Welch's damages.

WHEREFORE, Welch demands judgment against Defendants for her lost wages, reinstatement or front pay, unpaid minimum wages, unpaid overtime wages, liquidated damages, lost fringe benefits, statutory damages, emotional distress, and any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, interest on unpaid wages pursuant to Ohio Revised Code 4113.15, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Christopher M. Sams
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Christopher M. Sams, Esq.
Supreme Court No. 0093713
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
csams@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*

Alexis Welch agrees and consents to become a party plaintiff in this lawsuit.

*/s/ Alexis Welch*

EXHIBIT A

Electronically Filed 12/15/2021 17:34 / / CV 21 957189 / Confirmation Nbr. 2428473 / CLJSZ

| CASE NO. | SUMMONS NO. |
|---|---|
| CV21957189 | D1 CM  46272097 |

Rule 4 (B) Ohio
Rules of Civil Procedure

ALEXIS WELCH **PLAINTIFF**
VS
HILLTOP SENIOR LIVING LLC, ET AL. **DEFENDANT**

# SUMMONS

HILLTOP SENIOR LIVING LLC
25900 EUCLID AVE.
EUCLID OH 44132

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

CHRISTOPHER M. SAMS
8401 CHAGRIN RD #8
CHAGRIN FALLS, OH 44023-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN D SUTULA
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas


By _____
Deputy

| DATE SENT |
|---|
| Dec 16, 2021 |

COMPLAINT FILED   12/15/2021



CMSN130

SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
Case: 1:22-cv-00010-CAB  Doc #: 1-1  Filed: 01/04/22  18 of 18.  PageID #: 23

CLEVELAND, OHIO 44113

| CASE NO.<br>CV21957189 | SUMMONS NO.<br>D2 CM  46272098 |
|---|---|

Rule 4 (B) Ohio
Rules of Civil
Procedure

# SUMMONS

ALEXIS WELCH  **PLAINTIFF**
VS
HILLTOP SENIOR LIVING LLC, ET AL.  **DEFENDANT**

HS ENTERPRISES AT HILLTOP SENIOR
LIVING LLC
25900 EUCLID AVE.
EUCLID OH 44132

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

CHRISTOPHER M. SAMS
8401 CHAGRIN RD #8

CHAGRIN FALLS, OH 44023-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

JOHN D SUTULA
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas



By _____
                        Deputy

| DATE SENT |
|---|
| Dec 16, 2021 |



COMPLAINT FILED   12/15/2021



CMSN130